IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| BILLY G. MARSHALL, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-865-HE |
| L.D. ORMAND, et al, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and *in forma pauperis,* brings this action under 42 U.S.C. § 1983 alleging violation of his right to due process in connection with a prison disciplinary proceeding. United States District Judge Joe Heaton has referred the case to the undersigned for preliminary review, entry of appropriate orders as to non-dispositive matters, and for the preparation of proposed recommendations as to dispositive matters. Upon preliminary review, the undersigned finds that this action is premature under *Edwards v. Balisok*, 520 U.S. 641 (1997) and should be dismissed on filing.

In his two-count complaint, Plaintiff names five Defendants: L.D. Ormand, case manager for the Oklahoma Department of Corrections (ODOC); Robert Beebe, ODOC unit manager; T. Durfey, deputy warden of the Oklahoma State Reformatory (OSR); Tracy McCollum, OSR warden; and Mark Knutson, administrative review authority for ODOC. Complaint, 1-2. In Count I, Plaintiff contends that Defendants Ormand, Beebe, McCollum, and Knutson knowingly

and intentionally deprived him of due process by disallowing the testimony of witnesses he had requested at a hearing on a misconduct offense. Complaint, 10, 11. In Count II, he alleges that Defendants Durfey and Beebe denied Plaintiff due process by finding him guilty of the offense without the presentation of evidence. *Id.*

## BACKGROUND

Plaintiff's action stems from an incident that occurred in the food line at OSR; after Plaintiff received his food tray "Captain Hendricks" approached him and told him to put his shirt tail in. Complaint, 3. Captain Hendricks followed Plaintiff to his table and asked "didn't I tell you to put your shirt tail in?" Plaintiff claims that Hendricks then made what he and the others sitting with him took as a racial slur; Hendricks allegedly said Plaintiff was "hard to learn" like "all your kind." Complaint, 3. Plaintiff alleges he was seated at a table with several "Afro-American" inmates. *Id.* Plaintiff alleges that he told Hendricks that "if he or any of his staff put their hands on him that he would kill them." *Id.* He further alleges that he was later charged with menacing based on two requests to staff in which Plaintiff allegedly repeated his threat to kill any staff member who put their hands on him. *Id.* at 4.

Plaintiff was convicted of the misconduct offense, and appealed. He was granted a rehearing because the assigned investigator did not contact any

witnesses, and disciplinary hearing officer's statement did not refer to any physical evidence. Complaint, 4-5. Upon rehearing, Plaintiff was again convicted of the misconduct offense of menacing. Complaint, 6. Plaintiff does not state the punishment he received, but does state that he was moved to restrictive housing at the time the misconduct report was filed. Complaint, 29. He also states that following his misconduct offense conviction, which was for a "Class X" offense, he was moved to "maximum security." Plaintiff alleges that his incarceration in the maximum security unit has caused him eye strain and kept him from "filing proper court documentation." Complaint, 29-30. As relief, Plaintiff requests monetary damages for "mental distress" and "pain and physical injuries" that he allegedly suffered as a "proximate result" of Defendants' unconstitutional acts. Plaintiff apparently did not seek review of his misconduct offense under Okla. Stat. tit. 57, § 564.1. That statute provides a "due process" review of any disciplinary proceeding resulting in the revocation of earned credits. *Id.*

## DISCUSSION

After careful review of Plaintiff's allegations, the undersigned finds that his claims are foreclosed by the United States Supreme Court decision in *Edwards v. Balisok*, 520 U.S. 641 (1997). There, the Supreme Court explained that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his

3

conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Id.* at 643 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule also applies to challenges to punishments imposed as a result of prison disciplinary infractions. *See Edwards*, 520 U.S. at 648.

The allegations underlying Plaintiff's due process claim are that he was not allowed to present evidence in the form of witness testimony, and that there was no evidence to support the finding of guilt. In light of these allegations, a judgment in his favor would necessarily imply the invalidity of his disciplinary conviction. Consequently, because Plaintiff has not shown that the conviction for menacing has previously been invalidated, his request for damages resulting from his prison disciplinary proceedings should be denied based on *Heck* and *Edwards*. The undersigned notes Plaintiff's allegations regarding the effect of his housing assignment on his eyesight and on "filing proper court documentation," but these are presented by Plaintiff as part of the damages he suffered as a result of the alleged denial of due process in his disciplinary hearing. Accordingly, it is recommended that this action be dismissed on filing as premature.

## RECOMMENDATION

In light of the foregoing, it is recommended that this action be **DISMISSED** on filing without prejudice as it is premature under *Edwards v.*

*Balisok*, 520 U.S. 641 (1997). In addition, in light of the recommended disposition, Plaintiff's Motion for Order for copies, **ECF No. 3**, should likewise be **DENIED** as moot. Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 11, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on October 24, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE