# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BILLY G. MARSHALL, )
)
        Plaintiff, )
)
vs. ) NO. CIV-13-0865-HE
)
L.D. ORMAND, et al., )
)
        Defendants. )

## ORDER

Plaintiff Billy G. Marshall, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights stemming from a prison disciplinary matter. Consistent with 28 U.S.C. § 636(b)(1)(B), this case was referred for initial proceedings to Magistrate Judge Shon T. Erwin. In his Report and Recommendation [Doc. #11], Judge Erwin recommended that this action be dismissed on filing as premature under Edwards v. Balisok, 520 U.S. 641 (1977), and Heck v. Humphrey, 512 U.S. 477 (1994). As plaintiff objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's determination. The court has concluded that the complaint should be dismissed on filing because plaintiff has failed to assert a liberty interest that would be a basis for a due process claim.

### Background

This action arises out of a confrontation between plaintiff and a prison employee at plaintiff's place of incarceration. In his complaint, plaintiff alleges that while waiting in a

1

food line, "Captain Hendricks" approached him and ordered plaintiff to tuck in his shirt. Plaintiff indicated that he could not do that as his hands were full. Plaintiff then proceeded to a table, where Captain Hendricks again questioned his shirt. Plaintiff further alleges that Hendricks made racist comments toward him, stating that plaintiff and other African-Americans were "hard to learn." This provoked plaintiff to rise from the table, and allegedly state that we would kill Hendricks or any other staff member who "put their hands on him." Plaintiff was later convicted in a prison disciplinary proceeding of "menacing," which conviction was upheld through the prison appeals process. Plaintiff then filed this action, alleging that various prison officials violated his due process rights.

## Discussion

Plaintiff argues that his due process rights were violated because he was not allowed to present witnesses during the disciplinary proceedings, and because he was found guilty of the charges without evidence. Judge Erwin recommended that the case be dismissed on filing because plaintiff's conviction has not been overturned, and a favorable outcome in this case would necessarily imply the invalidity of his disciplinary conviction, pursuant to Heck.

In Heck, the Supreme Court addressed the issue of when a prisoner may assert a § 1983 claim relating to his conviction or sentence. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. The rule applies to any claim in which "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," *id.* at 487, including prison disciplinary matters. Harrison v. Morton, 490 F. App'x 988, 991 (10th Cir. 2012) (citing Edwards, 520 U.S. at 643).

Plaintiff's disciplinary conviction has not been overturned or expunged, and a decision in his favor in this case would necessarily imply its validity. So at first glance, this action is seemingly barred by Heck. However, the Supreme Court, in Muhammad v. Close, 540 U.S. 749 (2004), "left open the possibility that Heck might not apply when a habeas remedy is unavailable." Harrison, 490 F. App'x at 992. The Tenth Circuit has "held that a habeas petition under 28 U.S.C. § 2241 is available to challenge prison disciplinary proceedings only when those proceedings affect 'the fact or duration of [plaintiff's] custody.'" *Id.* (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997)).

Plaintiff does not allege that his disciplinary conviction affected the fact or duration of his custody, and indeed concedes that because he is serving an "85% sentence," he is ineligible to receive "good-time credits" or early parole. [Doc. #12, pg. 2]. Instead, he asserts that his punishment was his movement to restrictive housing or "maximum security." *Id.* at 29. In these circumstances, habeas relief is unavailable to him, and Heck may not apply. It is unnecessary, however, to reach a decision on whether Heck applies here as plaintiff has not suggested a basis for concluding he was entitled to due process protections in the prison disciplinary proceedings involved in this case.

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005). "This guarantee applies to prison inmates, but '[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" Harrison, 490 F. App'x at 922 (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). Protected liberties are triggered in the prison disciplinary setting when the sentence imposes "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' or . . . 'inevitably affect[s] the duration of his sentence.'" *Id.* (quoting Sandlin v. Conner, 515 U.S. 472, 484, 487 (1995)).

As discussed, plaintiff's only stated punishment was an increase in his level of security and movement to restrictive housing. These punishments do not rise to the level necessary to implicate a liberty interest. *See generally*, Harrison, 490 F. App'x 988. Plaintiff was therefore not entitled to due process protections in the particular circumstances existing here, and has failed to state a claim for which relief can be granted, even under the permissive standard granted *pro se* litigants. Accordingly, the complaint will be dismissed.

For the reasons stated, plaintiff's complaint [Doc. #1] is **DISMISSED** on filing. The Report and Recommendation [Doc. #11] is accepted in part and modified in part, consistent with the above discussion.

**IT IS SO ORDERED**.

Dated this 10th day of March, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE